Case 1:90-cr-10313-PBS   Document 4225   Filed 02/17/16   Page 1 of 5

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

```
_____
                               )
UNITED STATES OF AMERICA       )
                               )
                               )   Criminal Action
v.                             )   No. 90-10313-PBS
                               )
                               )
DARRYL WHITING,                )
          Defendant.           )
_____)
```

**ORDER**

February 17, 2016

Saris, C.J.

Following a jury trial, Defendant Darryl Whiting was convicted of engaging in a continuing criminal enterprise in violation of 21 U.S.C. § 848; conspiracy to distribute cocaine in violation of 21 U.S.C. § 846; distribution of cocaine in violation of 21 U.S.C. § 841; and money laundering in violation of 18 U.S.C. § 1956. The Court imposed a sentence of life in prison. Pursuant to 18 U.S.C. § 3582(c)(2), the defendant now moves for a sentence reduction, which the government opposes. Following the two-step approach to proceedings under § 3582(c)(2), I must first determine whether the defendant is eligible for a sentence modification and the extent of the reduction authorized by U.S.S.G. § 1B1.10. See Dillon v. United States, 560 U.S. 817, 827 (2010). It is uncontested that the

defendant is eligible for a sentence modification. Under U.S.S.G. Amendment 782, his revised total offense level is 42. With a criminal history category of III, his reduced guideline sentencing range is 360 months to life.

Second, the Court must consider any applicable § 3553(a) factors and determine whether "the reduction is warranted in whole or in part under the particular circumstances of the case." United States v. Zayas-Ortiz, 808 F.3d 520, 523 (1st Cir. 2015) (internal quotation marks, alterations, and citations omitted). Those factors include "the nature and circumstances of the offense and the history and characteristics of the defendant," and "the need for the sentence imposed . . . to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a). Under the application notes to U.S.S.G. § 1B1.10, the Court must also weigh public safety considerations and post-sentencing conduct. U.S.S.G. § 1B1.10 cmt. n.1.

I deny the motion to reduce the defendant's sentence because of the nature and seriousness of the danger to the community posed by Mr. Whiting's release. I have reviewed the sentencing transcript, the Presentence Report, the defendant's prison disciplinary record, the defendant's book, and letters submitted both on the defendant's behalf and against his release

from members of the community.[1] The defendant's book is called *Takin' it to Another Level: In the Beginning*, and was published in 2013. In the book, the main character, also named "Darryl 'God' Whiting," seeks revenge on eight individuals, whom he calls snitches, through torture and murder because they cooperated with the government and testified against him. The Darryl Whiting character also establishes a new criminal conspiracy, a disciplined association for drug trafficking.

On his side, the defendant has taken various courses in prison, does not have many disciplinary infractions, and has family support. The defendant also raises his First Amendment right to write a book, and cites to the Supreme Court's recent decision, Elonis v. United States, 135 S. Ct. 2001, 2012 (2015), in support of this argument. Of course the defendant has the right to write a book, but Elonis is not applicable here. Elonis addressed the requisite *mens rea* for the federal crime of transmitting in interstate commerce "any communication containing any threat . . . to injure the person of another" under 18 U.S.C. § 875(c). See id. at 2004. The Court held that negligence was insufficient "to support a conviction under Section 875(c), contrary to the view of nine Courts of Appeals,"

---

[1] I received an email after the hearing on the motion to reduce sentence on February 11, 2016. I have docketed this email under seal (Docket No. 4224), and I do not rely on this email in my decision. It has not affected my decision in any way.

and reversed and remanded. Id. at 2013. The Court found that it was "not necessary to consider any First Amendment issues" in the case in light of its disposition. Id. at 2012. Thus, Elonis does not, in any way, suggest that I should not consider the defendant's book as evidence of his state of mind and the threat he may pose to the community in determining whether a sentence reduction is warranted given the particular facts of this case.

The defendant's book contains certain autobiographical aspects that the Court finds troubling. The defendant uses his own name and his family members' names, describes his own offense, and uses real cooperators' names, who are murdered and tortured as a result of their cooperation.[2] The use of real names, places, and events in the book convinces me that the defendant poses an ongoing threat to the community. The nature of the underlying crime was serious. He was the organizer and leader of a continuing criminal enterprise that involved guns and regular beatings. Accordingly, I find that his release would pose a great threat to public safety and the safety of those who

---

[2] The defendant stated at the sentencing hearing that he is good friends with two of the cooperators whose real names he used in the book, that both had filed affidavits recanting their testimony at trial, and that he had gained their permission to use their names in the book. The Court searched through the paper and electronic records from the case, and was unable to find any such affidavits recanting testimony.

4

cooperated with the government in his prosecution. I **DENY** the motion to reduce sentence (Docket No. 4156).

/s/ PATTI B. SARIS
Patti B. Saris
Chief United States District Judge