UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES ) | |
| ) | |
| v. ) | No. 90-10313-PBS |
| ) | |
| DARRYL WHITING, ) | |
| ) | |
| Defendant. ) | |

**RESPONSE TO DEFENDANT'S MOTION FOR
LEAVE TO FILE MOTION FOR RECONSIDERATION**

The United States, by and through Assistant United States Attorney Nathaniel R. Mendell, hereby submits its response to the defendant's motion for leave to file a motion for reconsideration and respectfully requests that the defendant's motion be denied.

### I.     Procedural background

Following the filing of defendant's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) in November 2014 (D.4156), and after extensive briefing by the parties in 2015 and 2016, the Court held a hearing on February 11, 2016, and solicited argument on the defendant's motion (D.4222). On February 17, the Court entered an order denying the defendant's motion and explaining its reasoning. D.4225, D.4226.

On March 9, 2016, the defendant filed for leave to file a motion for reconsideration, asking the Court for "additional time to file . . . . so that counsel may review the hearing transcript when produced . . .." D.4231. (The government assented to the defendant's motion.) On March 14, 2016, the relevant transcript

was produced. On the same day, the Court granted defendant's motion for leave to file a motion for reconsideration and ordered that the motion be filed by March 28, 2016. D.4232-4234.

On March 28, 2016, the defendant filed his second motion for leave to file motion for reconsideration, this time seeking a further extension to April 11, 2016. D.4235. (The government did not assent to this motion.) Later the same day, the Court denied the defendant's motion. D.4236.

On April 1, the defendant filed both a motion for extension of time to April 1 to file a notice of appeal, D.4237, and a notice of appeal. D. 4238. The First Circuit docketed the defendant's appeal on April 5, 2016, as Case No. 16-1369. On April 19, the Court allowed the defendant's unopposed motion for extension of time to file his notice of appeal. (D.4241).

Notwithstanding the foregoing, the defendant filed yet another motion for leave to file a motion for reconsideration on April 20, 2016 (D.4242), along with a motion for reconsideration.[1]  D.4243.

**II.   The Court can and should deny the defendant's second motion for leave to file a motion for reconsideration.**

It is well established in the First Circuit that, "[a]s a general rule with only limited exceptions, entry of a notice of appeal divests the district court of jurisdiction to adjudicate any matters related to the appeal." *United States v.*

---

[1] The defendant attached sealed exhibits A-C to his motion, which the government received via first-class mail. D.4246.

2

*Distasio*, 820 F.2d 20, 23 (1st Cir. 1987); *see Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam)("The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal"); see also United States v. Weekes, 611 F.3d 68, 71–72 (1st Cir. 2010); United States v. Gordon, 634 F.2d 638, 638–39 (1st Cir. 1980). It is "accepted doctrine: as a general rule, the filing of a notice of appeal 'divests a district court of authority to proceed with respect to any matter touching upon, or involved in, the appeal.'" *United States v. Brooks*, 145 F.3d 446, 454 (1st Cir. 1998)(citing *United States v. Mala*, 7 F.3d 1058, 1061 (1st Cir.1993)).

This general rule "applies with equal force to sentencing. Thus, a docketed notice of appeal suspends the sentencing court's power to modify a defendant's sentence." *Distasio*, 820 F.2d at 23 (sentencing court was without jurisdiction to rule on the defendants' motion for reduction of sentence once their notices of appeal have been docketed).

It bears mention that the First Circuit "and others have recognized limited exceptions to this judge-made rule." *United States v. Torres-Oliveras*, 583 F.3d 37, 43 (1st Cir. 2009)(citing 16A Charles A. Wright, Arthur R. Miller, Edward H. Cooper & Catherine T. Struve, Federal Practice and Procedure § 3949.1 (4th ed. 2009)). Those limited exceptions do not apply to the defendant's case. *See* 16A Charles A. Wright, Arthur R. Miller, Edward H. Cooper & Catherine T. Struve,

Federal Practice and Procedure § 3949.1 (4th ed. 2009) (for example, during pendency of appeal, district court may: act to enforce its judgment; require payment of bond; decide whether a defendant should be released pending appeal; make decisions regarding the transfer of habeas petitioners; rule on motions to proceed in forma pauperis; and correct errors in the judgment).

Because the defendant is pursuing his case on appeal, the Court should not allow him to simultaneously pursue relief on the identical issue in the District Court. *See, e.g., Brooks*, 145 F.3d at 455-56 (the rule "derives from the notion that shared jurisdiction almost always portends a potential for conflict and confusion"); *see also* 16A Charles A. Wright, Arthur R. Miller, Edward H. Cooper & Catherine T. Struve, Federal Practice and Procedure § 3949.1 ("the rule . . . is a judge-made doctrine designed to implement a commonsensical division of labor between the district court and the court of appeals.").[2]

Even if the Court were to assert jurisdiction, the defendant's motion for reconsideration is untimely. The Court ordered that the defendant file any motion for reconsideration by March 28, 2016, and the defendant did not file for leave to file his motion for reconsideration until April 20, 2016 – two months after his motion to reduce sentence was denied.

---

[2] It bears mention that the defendant has not asked the Court for an indicative ruling pursuant to FRAP 12.1, which may apply "when relief is sought from an order that the court cannot reconsider because the order is the subject of a pending appeal." FRAP 12.1 Advisory Committee Notes.

4

### III.    Conclusion

In light of the foregoing, the government respectfully requests that the defendant's motion for leave to file his motion for reconsideration be denied.

        Respectfully submitted,

        CARMEN M. ORTIZ
        United States Attorney

        By: /s/ Nathaniel R. Mendell
        NATHANIEL R. MENDELL
        Assistant U.S. Attorney
        United States Attorney's Office
        1 Courthouse Way, Suite 9200
        Boston, Massachusetts 02210
        Massachusetts BBO# 654283
        NMendell@usa.doj.gov
        (617) 748-3304

### CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

        /s/ Nathaniel R. Mendell
        NATHANIEL R. MENDELL
        Assistant United States Attorney

Date:  May 4, 2016